UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
                                                                   :
BRIAN FISCHLER, individually and on behalf of all                  :    18 Civ. 1683 (CM)
other persons similarly situated,                                  :
                                                                   :
                                   Plaintiff,                      :    **DEFENDANTS' ANSWER TO**
                                                                   :    **THE COMPLAINT AND**
            -against-                                              :    **AFFIRMATIVE DEFENSES**
                                                                   :
NUM PANG HOLDINGS LLC, NUM PANG                                    :
MANAGEMENT, LLC, AND NUM PANG                                      :
RESTAURANTS, LLC,                                                  :
                                                                   :
                                   Defendants.                     :
------------------------------------------------------------------ x

## ANSWER

Defendants Num Pang Holdings LLC, Num Pang Management, LLC and Num Pang Restaurants, LLC (collectively referred to herein as "Defendants"), by and through their attorneys, Tannenbaum Helpern Syracuse & Hirschtritt LLP, as and for their Answer to the Complaint of Plaintiff Brian Fischler ("Plaintiff"), filed February 23, 2018 (the "Complaint"), state as follows:

### INTRODUCTION

1.      To the extent Paragraph "1" of the Complaint sets forth conclusions of law or consists of Plaintiff's characterization of his own Complaint, no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "1" of the Complaint.

2.      The allegations set forth in Paragraph "2" of the Complaint consist of Plaintiff's characterization of his own Complaint and therefore no response is required.

3.      To the extent Paragraph "3" of the Complaint consists of Plaintiff's

characterization of his own Complaint, no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "3" of the Complaint.

## THE PARTIES

4. To the extent Paragraph "4" of the Complaint sets forth conclusions of law, no response is required. To the extent a response is required, Defendants deny having knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph.

5. Defendants admit the allegations set forth in Paragraph "5" of the Complaint.

6. Defendants admit the allegations set forth in Paragraph "6" of the Complaint.

7. Defendants admit the allegations set forth in Paragraph "7" of the Complaint.

## JURISDICTION AND VENUE

8. To the extent Paragraph "8" of the Complaint sets forth conclusions of law or consists of Plaintiff's characterization of his own Complaint, no response is required. To the extent a response is required, Defendants admit that Plaintiff purports to invoke the jurisdiction of this Court as set forth in this Paragraph.

9. To the extent Paragraph "9" of the Complaint sets forth conclusions of law, no response is required. To the extent a response is required, Defendants admit that Plaintiff purports to invoke the jurisdiction of this Court as set forth in this Paragraph.

10. To the extent Paragraph "10" of the Complaint sets forth conclusions of law, no response is required. To the extent a response is required, Defendants admit that Plaintiff purports to lay venue as set forth in this Paragraph.

11. To the extent Paragraph "11" of the Complaint sets forth conclusions of law, no response is required. To the extent a response is required, Defendants admit that Plaintiff

purports to lay venue and invoke the jurisdiction of the Court in this Paragraph. Defendants further admit that they operate restaurants in New York, rent property in New York, and pay taxes in New York.

12. To the extent Paragraph "12" of the Complaint sets forth conclusions of law, no response is required. To the extent a response is required, Defendants admit that Plaintiff purports to bring claims for declaratory relief.

## NATURE OF ACTION

13. Paragraph "13" consists of Plaintiff's characterization of his own Complaint and therefore no response is required.

14. Paragraph "14" consists of Plaintiff's characterization of his own Complaint and therefore no response is required.

15. Paragraph "15" consists of Plaintiff's characterization of his own Complaint and therefore no response is required.

16. Paragraph "16" consists of Plaintiff's characterization of his own Complaint and therefore no response is required.

17. Paragraph "17", including all sub-paragraphs, consist of Plaintiff's characterization of his own Complaint and therefore no response is required.

## STATEMENT OF FACTS

18. Defendants deny the allegations set forth in Paragraph "18" of the Complaint, except to admit that they own and operate seven restaurants in the locations alleged.

19. Defendants deny the allegations set forth in Paragraph "19" of the Complaint, except admit that they offer the Website[1] to their customers.

---

[1] "Website" is defined herein to have the same meaning as assigned in the Complaint.

20. Defendants deny the allegations set forth in Paragraph "20" of the Complaint, except admit that the Website offers the features alleged in this Paragraph.

21. Defendants deny the allegations set forth in Paragraph "21" of the Complaint.

22. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "22" of the Complaint.

23. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "23" of the Complaint.

24. Defendants deny having knowledge or information sufficient to form a belief as to any attempts by Plaintiff to navigate the Website as allege in Paragraph "24" of the Complaint. Defendants respond as follows to the sub-paragraphs included in Paragraph "24" of the Complaint:

    a. Sub-Paragraph "24.a": Defendants deny that a lack of "alt-text" corresponding with certain graphics on the Website, as alleged by Plaintiff, denies Plaintiff from knowing what is on the Website.

    b. Sub-Paragraph "24.b": Defendants admit that the Website has at times included broken links which prevent the function or purpose of such links to be presented to all users of the Website, regardless of any visual impairment, and that Defendants have taken steps to remove broken links from the Website.

    c. Sub-Paragraph "24.c": Defendants interpret the phrase "time title" as a typographical error and respond herein assuming that the phrase "time title" was meant by Plaintiff to be typed as "title." Defendants reserve the right to supplement or amend this Answer to the extent their understanding

of this phrase is inconsistent with Plaintiff's understanding of this phrase. Defendants admit that some pages on the Website have or have had the same title but deny that this prevents or has prevented any Website users from distinguishing pages, because in such cases those pages have or have had distinguishing sub-titles.

   d. <u>Sub-Paragraph "24.d"</u>: Defendants deny that the Website in its current form links to any information contained in PDF format and deny further that the Website in its current form contains any linked images missing alt-text.

25. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "25" of the Complaint.

26. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "26" of the Complaint.

27. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "27" of the Complaint.

28. Defendants deny the allegations set forth in Paragraph "28" of the Complaint, including all sub-paragraphs.

29. Defendants deny the allegations set forth in Paragraph "29" of the Complaint.

30. Paragraph "30" of the Complaint sets forth conclusions of law and therefore no response is required, except Defendants respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

31. Paragraph "31" of the Complaint, including all sub-paragraphs, set forth conclusions of law and consist of Plaintiff's characterization of his own Complaint, and therefore

no response is required.

32. Defendants deny the allegations set forth in Paragraph "32" of the Complaint.

33. Defendants deny the allegations set forth in Paragraph "33" of the Complaint.

34. Defendants deny the allegations set forth in Paragraph "34" of the Complaint, except admit that Defendants have taken steps to improve the accessibility of the Website to visually impaired customers.

35. Defendants deny the allegations set forth in Paragraph "35" of the Complaint, except admit that Defendants have taken steps to improve the accessibility of the Website to visually impaired customers.

## CLASS ACTION ALLEGATIONS

36. Paragraph "36" of the Complaint consists of Plaintiff's characterization of his own Complaint and therefore no response is required.

37. Paragraph "37" of the Complaint consists of Plaintiff's characterization of his own Complaint and therefore no response is required.

38. Paragraph "38" of the Complaint consists of Plaintiff's characterization of his own Complaint and therefore no response is required.

39. Paragraph "39", including its sub-paragraphs, of the Complaint consist of Plaintiff's characterization of his own Complaint and therefore no response is required.

40. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "40" of the Complaint.

41. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "41" of the Complaint.

42. Paragraph "42" of the Complaint sets forth legal conclusions and therefore no

-7-

response is required.

43. Paragraph "43" of the Complaint sets forth legal conclusions and therefore no response is required.

## FIRST CAUSE OF ACTION

44. Defendants repeat and restate their Answers to Paragraphs "1" through "43" hereof with the same force and effect as if set forth at length herein.

45. Paragraph "45" of the Complaint sets forth conclusions of law and therefore no response is required, except Defendants respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

46. To the extent Paragraph "46" of the Complaint sets forth conclusions of law, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents and deny that the Website is a "public accommodation" under Title III of the ADA.

47. Paragraph "47" of the Complaint sets forth conclusions of law and therefore no response is required, except Defendants respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

48. Paragraph "48" of the Complaint sets forth conclusions of law and therefore no response is required, except Defendants respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

49. Paragraph "49" of the Complaint sets forth conclusions of law and therefore no response is required, except Defendants respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

50. Defendants deny the allegations set forth in Paragraph "50" of the Complaint.

[1068131-3]

51. Paragraph "51" of the Complaint consists of Plaintiff's characterization of his own Complaint and therefore no response is required.

## SECOND CAUSE OF ACTION

52. Defendants repeat and restate their Answers to Paragraphs "1" through "51" hereof with the same force and effect as if set forth at length herein.

53. Paragraph "53" of the Complaint sets forth conclusions of law and therefore no response is required, except Defendants respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

54. Paragraph "54" of the Complaint sets forth conclusions of law and therefore no response is required, except Defendants respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

55. To the extent Paragraph "55" of the Complaint sets forth conclusions of law, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents and admit that they own and operate the Website and restaurants at issue.

56. Defendants deny the allegations set forth in Paragraph "56" of the Complaint.

57. Paragraph "57" of the Complaint sets forth conclusions of law and therefore no response is required, except Defendants respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

58. Paragraph "58" of the Complaint sets forth conclusions of law and therefore no response is required, except Defendants respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

59. Defendants deny having knowledge or information sufficient to form a belief as

to the truth of the allegations set forth in the first two sentences of Paragraph "59." Defendants deny the allegations set forth in the third and final sentence of Paragraph "59."

60. Defendants deny the allegations set forth in Paragraph "60" of the Complaint, including all sub-paragraphs.

61. Defendants deny the allegations set forth in Paragraph "61" of the Complaint, except admit that Defendants have taken steps to improve the accessibility of the Website to visually impaired customers.

62. Defendants deny the allegations set forth in Paragraph "62" of the Complaint.

63. Defendants deny the allegations set forth in Paragraph "63" of the Complaint.

64. Defendants deny the allegations set forth in Paragraph "64" of the Complaint.

65. Paragraph "65" of the Complaint consists of Plaintiff's characterization of his own Complaint and therefore no response is required.

## THIRD CAUSE OF ACTION

66. Defendants repeat and restate their Answers to Paragraphs "1" through "65" hereof with the same force and effect as if set forth at length herein.

67. Paragraph "67" of the Complaint sets forth conclusions of law and therefore no response is required, except Defendants respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

68. Paragraph "68" of the Complaint sets forth conclusions of law and therefore no response is required, except Defendants respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their contents.

69. Paragraph "69" of the Complaint sets forth conclusions of law and therefore no response is required, except Defendants respectfully refer the Court to the statute cited therein

for a complete and accurate statement of its contents and admit that they own and operate the Website and restaurants at issue.

70. Defendants deny the allegations set forth in Paragraph "70" of the Complaint.

71. Paragraph "71" of the Complaint sets forth conclusions of law and therefore no response is required, except Defendants respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

72. Defendants deny the allegations set forth in Paragraph "72" of the Complaint, including all sub-paragraphs.

73. Defendants deny the allegations set forth in Paragraph "73" of the Complaint, except admit that Defendants have taken steps to improve the accessibility of the Website to visually impaired customers.

74. Defendants deny the allegations set forth in Paragraph "74" of the Complaint.

75. Defendants deny the allegations set forth in Paragraph "75" of the Complaint.

76. Defendants deny the allegations set forth in Paragraph "76" of the Complaint.

77. Paragraph "77" of the Complaint consists of Plaintiff's characterization of his own Complaint and therefore no response is required.

## FOURTH CAUSE OF ACTION

78. Defendants repeat and restate their Answers to Paragraphs "1" through "77" hereof with the same force and effect as if set forth at length herein.

79. Defendants deny the allegations set forth in Paragraph "79" of the Complaint, except admit that Defendants have taken steps to improve the accessibility of the Website to visually impaired customers.

80. Defendants deny the allegations set forth in Paragraph "80" of the Complaint.

**AFFIRMATIVE DEFENSES**

Defendants set forth the following affirmative defenses to the claims made in the Complaint. In doing so, Defendants do not assume the burden of proof with respect to any of the affirmative defenses for which applicable substantive law provides otherwise.

1. Defendants at all times acted in good faith and in compliance with the law.

2. Some or all of the claims asserted in the Complaint fail to state a claim upon which relief may be granted.

3. Plaintiff lacks standing because he is unable to demonstrate the requisite harm establishing his entitlement to relief. Defendants' telephone system and in-store accommodations provide effective and efficient means of communicating with their visually impaired customers.

4. Plaintiff fails to allege that he sought and that Defendants failed to provide appropriate auxiliary aids and services.

5. The Website is not a place of public accommodation under Title III of the ADA.

6. Defendants have not denied access to their brick and mortar locations to Plaintiff or others similarly situated.

7. Plaintiff's claims are barred by the ripeness doctrine because the U.S. Department of Justice has not issued regulations on accessibility standards for websites.

8. Plaintiff's claims are barred by the primary jurisdiction doctrine and the Court should refrain from exercising jurisdiction over them until the U.S. Department of Justice issues regulations on accessibility standards for websites under Title III of the ADA.

9. Defendants' rights to due process would be violated by imposing liability on them for failure to abide by alleged accessibility standards about which the government has not given Defendants fair notice.

10. Plaintiff's assertion that the WCAG 2.0 Level AA guidelines constitute a legal standard would require an impermissible imposition of standards on Defendants in the absence of applicable regulation.

11. The requested accommodations may not be readily achievable.

12. Plaintiff fails to allege that the requested accommodations would not fundamentally alter the nature of the goods, services, and privileges provided by Defendants.

13. Some or all of the claims asserted by Plaintiff are rendered moot by Defendants' accommodations for the visually impaired.

Dated: New York, New York
April 27, 2018

TANNENBAUM HELPERN
SYRACUSE & HIRSCHTRITT LLP

By: */s/ Joseph D. Lockinger*
Joseph D. Lockinger
900 Third Avenue
New York, New York 10022
(212) 508-6700
lockinger@thsh.com
*Attorneys for Defendants*

To: LIPSKY LOWE LLP
Christopher H. Lowe
Douglas B. Lipsky
630 Third Avenue Fifth Floor
New York, NY 10017
Tel: (212) 392-4772
chris@lipskylowe.com
doug@lipskylowe.com
*Attorneys for Plaintiff*