Case 1:18-cv-01683-CM   Document 21   Filed 05/17/18   Page 1 of 3
Case 1:18-cv-01683-CM   Document 19   Filed 05/16/18   Page 3 of 5
Case 1:18-cv-01683-CM   Document 10   Filed 03/02/18   Page 3 of 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

Brian Fischler,

```
USDC SDNY
DOCUMENT
ELECTRONICALLY F??
DOC #:
DATE FILED: 5/17/18
```

               Plaintiff(s),           18 Civ. 1683 (CM) (KHP)

-against-

Num Pang Holdings LLC, et al.,

               Defendant(s).,

------------------------------------------------------X

## CIVIL CASE MANAGEMENT PLAN

(for all cases except patent, IDEA, FLSA and ERISA benefits cases,
and cases subject to the Private Securities Litigation Reform Act)

1. This case (is)/is not to be tried to a jury.

2. Discovery pursuant to Fed.R.Civ.P. 26(a) shall be exchanged by __6/1/2018__

3. No additional parties may be joined after __6/15/2018__

4. No pleading may be amended after __6/15/2018__

     5. If your case is brought pursuant to 42 U.S.C. § 1983: In keeping with the United States Supreme Court's observation that the issue of qualified immunity should be decided before discovery is conducted, counsel representing any defendant who intends to claim qualified immunity must comply with the special procedure set forth in Judge McMahon's individual rules, which can be found at www.nysd.uscourts.gov.

     Failure to proceed in accordance with the qualified immunity rules constitutes a waiver of the right to move for judgment on the ground of qualified immunity prior to trial. *Please identify any party who is moving to dismiss on qualified immunity grounds.*

Case 1:18-cv-01683-CM   Document 21   Filed 05/17/18   Page 2 of 3
Case 1:18-cv-01683-CM   Document 19   Filed 05/16/18   Page 4 of 5
Case 1:18-cv-01683-CM   Document 10   Filed 03/02/18   Page 4 of 5

      6. All discovery, *including expert discovery*, must be completed on or before __10/26/18__. (For personal injury, civil rights, employment discrimination or medical malpractice cases only): Plaintiff's deposition shall be taken first, and shall be completed by __8/17/18__. PLEASE NOTE: the phrase "all discovery, including expert discovery" means that the parties must select and disclose their experts' identities and opinions, as required by Fed. R. Civ. P. 26(a)(2)(B), *well before* the expiration of the discovery period. Expert disclosures conforming with Rule 26 must be made no later than the following dates: Plaintiff(s) expert report(s) by __10/5/18__; Defendant(s) expert report(s) by __10/19/18__.

      7. Judge McMahon's Rules governing electronic discovery apply automatically to this case. The parties must comply with those rules unless they supercede it with a consent order. The text of the order will be found at www.nysd.uscourts.gov.

      8. Discovery disputes in this case will be resolved by the assigned Magistrate Judge, who is __KATHARINE PARKER__. The first time there is a discovery dispute that counsel cannot resolve on their own, notify Judge McMahon's Chambers by letter and she will sign an order referring your case to the Magistrate Judge for discovery supervision. Thereafter, go directly to the Magistrate Judge for resolution of discovery disputes; do not contact Judge McMahon. Discovery disputes do not result in any extension of the discovery deadline or trial-ready date, and Judge McMahon must approve any extension of the discovery deadline in non-pro se cases. *The Magistrate Judge cannot change discovery deadlines unless you agree to transfer the case to the Magistrate Judge for all purposes.* Judge McMahon does not routinely grant extensions so counsel are warned that if they wait until the last minute to bring discovery disputes to the attention of the Magistrate Judge, they may find themselves precluded from taking discovery because they have run out of time.

      9. A joint pre-trial order in the form prescribed in Judge McMahon's individual rules, together with all other pre-trial submissions required by those rules (not including *in limine* motions), shall be submitted on or before __12/10/18__. Following submission of the joint pre-trial order, counsel will be notified of the date of the final pre-trial conference. *In limine* motions must be filed within five days of receiving notice of the final pre-trial conference; responses to in limine motions are due five days after the motions are made. Cases may be called for trial at any time following the final pre-trial conference.

      10. No motion for summary judgment may be served after the date the pre-trial order is due. *The filing of a motion for summary judgment does not relieve the parties of the obligation to file the pre-trial order and other pre-trial submissions on the assigned date.*

      11. The parties may at any time consent to have this case tried before the assigned

Case 1:18-cv-01683-CM Document 21 Filed 05/17/18 Page 3 of 3
Case 1:18-cv-01683-CM Document 19 Filed 05/16/18 Page 5 of 5
Case 1:18-cv-01683-CM Document 10 Filed 03/02/18 Page 5 of 5

Magistrate Judge pursuant to 28 U.S.C. Section 636(c).

12. This scheduling order may be altered or amended only on a showing of good cause that is not foreseeable at the time this order is entered. *Counsel should not assume that extensions will be granted as a matter of routine.*

Dated:
New York, New York

Upon consent of the parties:
[signatures of all counsel]

NUM PANG HOLDINGS LLC
NUM PANG MANAGEMENT, LLC
NUM PANG RESTAURANTS, LLC.

JOSEPH D. LOCKINGER
TANNENBAUM HELPERN LLP

Douglas B. Lipsky
Lipsky Lowe LLP
Plaintiff's Counsel

SO ORDERED:

Hon. Colleen McMahon
United States District Judge

5-17-2018